IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JANICHOLAS VANKEITH SCOTT                                                        PLAINTIFF

v.                                                                               No. 4:19CV96-RP

SMCI FOOD INSPECTION SUPERVISORS, ET AL.                                        DEFENDANTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Janicholas VanKeith Scott, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The plaintiff alleges that the food trays at the South Mississippi Correctional Institution ("SMCI") are sometimes contaminated with mold. For the reasons set forth below, the instant case will be dismissed with prejudice for failure to state a claim upon which relief could be granted.

**Factual Allegations**

Mr. Scott alleges that upon arriving at SMCI on October 12, 2018, he discovered that mold contaminated some of the trays used to serve the inmates' food there. Despite repeated complaints from the inmates, staff continued serving the inmates' meals on contaminated trays from October through December of 2018. Mr. Scott filed grievances regarding this issue, but the Administrative Remedy Program did not respond to them. Mr. Scott claims that the photograph attached to his complaint shows one of the contaminated trays. He states that he suffers from a lung condition arising out of his exposure to black mold in another MDOC facility (Wilkinson County Correctional Facility). He feared that the mold on the trays at SMCI might aggravate this condition. Mr. Scott had been

transferred out of SMCI to the Carroll-Montgomery Regional Correctional Facility by the time he filed the instant complaint.

## General Conditions of Confinement

The plaintiff alleges that the conditions he described (contaminated food trays) rise to the level of a constitutional violation based upon the general conditions of his confinement. "[T]he Eighth Amendment may afford protection against conditions of confinement which constitute health threats but not against those which cause mere discomfort or inconvenience." *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir.1989), *cert. denied*, 493 U.S. 969 (1989)(citation omitted). "Inmates cannot expect the amenities, conveniences, and services of a good hotel." *Id.* at 849 n.5 (citation omitted). Prison officials have certain duties under the Eighth Amendment, but these duties are only to provide prisoners with "humane conditions of confinement," including "adequate food, clothing, shelter, and medical care . . . ." *Woods v. Edwards*, 51 F.3d 577, 581 n.10 (5th Cir. 1995) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). In this case, the plaintiff has not alleged that he suffered any harm from the contaminated food trays. Considering the "totality of the circumstances," *McCord v. Maggio*, 910 F.2d 1248 (5th Cir. 1990), the instant claims do not rise to the level of a constitutional violation. The plaintiff has not identified any "basic human need" which he was denied for an unreasonable period of time. *See Woods*, 51 F.3d at 581.

## Conclusion

For the reasons set forth above, the instant case will be dismissed with prejudice for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 8th day of November, 2019.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE